IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **CLIFFORD BAILEY, et al.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **MERCK & CO., INC., ET AL.** ) | |
| ) | 3:06- cv-00979-MHT |
| ) | **Removed from the Circuit Court** |
| **Defendants.** ) | **of Randolph County, Alabama** |
| ) | CV-06-145 |

### PLAINTIFFS' RESPONSE TO
### DEFENDANTS' MOTION TO STAY

The Plaintiffs respond to the motion to stay filed by the Defendants in this civil action and show the Court that the Plaintiffs request that the case not be stayed, but instead, remanded.

As is shown by the Motion to Remand, filed herewith, the Alabama resident Defendants are properly joined and are good faith Defendants in this civil action. As shown in the attached Motion and the attachments to the Motion, these Defendants have actual liability to the Plaintiffs and were personally involved in the subject transactions. A stay to allow a transfer to the MDL in Louisiana would be unwarranted. It would simply allow a lengthy additional procedure wherein the case would be sent off to a distant forum, less familiar with Alabama law, and under circumstances which would simply delay the inevitable remand of this case

to the state court from which it was removed. A great delay would occur.

The Plaintiffs have filed a motion to remand and the motion to remand incorporates the facts necessary to deny the motion to stay as set forth in the Plaintiffs' Emergency Motion to Remand filed November 20, 2006. Thus, the Plaintiffs would request that the motion to stay be denied.

The Defendants, on the other hand, want to have this Court do exactly what the Eleventh Circuit Court said not to do---- go on an extended safari in search of jurisdiction. The Defendants want to turn the process upside down. They will argue that discovery in the MDL is the best place to sort out these claims. In other words, they want the "safari" to take place.

The proper procedure, where local defendants are properly joined, is for discovery to take place in the state court. The plaintiffs have shown that they have viable claims against the resident defendants. As such, the details are due to be fleshed out in the state court processes. How could it be more rational or convenient to use unfamiliar processes in a court hundreds of miles away?

The normal discovery processes are, in fact, stayed for a protracted period of time in the MDL process in Vioxx. Instead of being allowed to go into immediate discovery on sales representative actions, the case will be frozen while pro forma procedures are followed with the swapping of rigorously confined "profile forms" over a period of many, many months. These will provide nothing of the discovery Plaintiffs need against the sales representatives defendants. As

such, we need a prompt process to discover the true facts as to these sales representatives' actions, not a process which turns backwards the legal standards for consideration of a Motion to Remand. Thus the stay should be denied, so that the case can be remanded and the processes of the state courts can go forward.

/s/ James S. Hubbard
Attorney for Plaintiffs

/s/ Thomas J. Knight
Attorney for Plaintiffs

HUBBARD & KNIGHT
1125 Noble Street
Anniston, Alabama 36202
(256) 237-9587

CERTIFICATE OF SERVICE

I hereby certify that I have this 20th day of November, 2006, electronically filed and served through CMECF a copy of the forgoing upon:

Robert C. "Mike" Brock
Ben C. Wilson
F. Chadwick Morriss
Richard B. Garrett
Attorneys for Defendant
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

/s/ Thomas J. Knight
Attorney for Plaintiffs