IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **CLIFFORD BAILEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06- CV-00979-MHT |
| | ) | Removed from the Circuit Court |
| **MERCK & COMPANY, INC.,** | ) | of Randolph County, Alabama |
| et al., | ) | CV-06-145 |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEFENDANTS' REPLY TO MOTION TO REMAND**

Now comes the Plaintiffs and respond to the Defendants' Opposition to Plaintiffs' motion to remand and submission and support of motion to stay filed December 1, 2006 and show the Court as follows:

1.      The Plaintiffs have valid claims against the local Defendants as well as Merck.  The Defendants are attempting to stand the whole process on its head. The Defendants want to have this Court try the matter on the merits, and not consider any matters favorable to the Plaintiffs.  Instead, the Defendants want their own self-serving declarations of their own "good faith" to win the case for these Defendants, flat out. This is all wrong and totally contrary to law and procedure. Plaintiffs do intend to file an opposition to the conditional transfer order which was automatically issued by the MDL Panel.

2.     The Defendants rely heavily on Judge Hopkins' decision in the case of *Southern v. Pfizer, Inc.,* attached to their Opposition as Exhibit L. The Defendants don't mention the discussion in which Judge Hopkins gives the deciding facts.

3.     On page eleven(11) of the opinion in *Southern v. Pfizer, Inc.*, Judge Hopkins talks about the differences between that case and the *Tracy* case discussed at length in the Motion to Remand.  Judge Hopkins says as follows:

"The instant case presents a different set of circumstances.  In *Tracy,* this Court held that where a pharmaceutical sales representative has actual <u>or</u> <u>constructive</u> knowledge that a specific drug being marketed by that representative has a particular dangerous side effect, where the drug company's training of its sales force required  sales representatives to employ various tactics of evading positions' questions regarding a particular know side effect of a drug, where the sales representative represents that the drug is safe as to that side effect to a Plaintiffs' treating physician,  where a Plaintiff is subsequently prescribed the drug by that physician and where the Plaintiff suffers from the side effect known to the representative, that such a representative faces potential liability as 'seller' under the AEMLD due to that representative's unique ability to prevent the harmful product from reaching the Plaintiff." (Emphasis added).

Judge Hopkins goes on to distinguish the *Southern v. Pfizer* case saying that Southern is unable to, and fails "to indicate even the possibility of certain necessary  causal links" indicating that the sales representatives knew that the drug might be unsafe.  Judge Hopkins says that also in *Southern v. Pfizer* that there was no indication that the sales representatives "were trained to evade position's questions regarding the safety of the drug".  Judge Hopkins further says that in the *Southern v. Pfizer*  case that the sales representatives were not even shown to have "represented neurontin as being safe" as to the relevant side effect.

2

In the present case, the side effect, namely cardiovascular events, of which the sales representatives were trained to avoid the physicians having the true facts, are the same side effects experienced by the Plaintiff. In the *Southern v. Pfizer* case, the Plaintiff was only able to show a pattern of the manufacturer training the sales representatives to market the drug "for various off-label uses" and that is the reason that Judge Hopkins stated that this was not enough to establish the sales representatives' "knowledge of neurontin's alleged negative side effects, specifically that neurontin has been linked to increased instances of suicide..." in other words, here the side effects that the representative was being trained about how to avoid physicians' questions, were one and the same side effects as the ones that were experienced by the Plaintiffs.  This was the same in Judge Hopkins' *Tracy* case, but different in Judge Hopkins' *Southern v. Pfizer* case.

## CONCLUSION

This civil action should not be stayed, but instead be remanded to the state Court for further proceedings and determination of the issues on the merits.

                        __/S/_____
                        James S. Hubbard
                        Attorney for Plaintiffs


                        __/S/_____
                        Thomas J. Knight
                        Attorney for Plaintiffs

HUBBARD & KNIGHT
1125 Noble Street
Anniston, Alabama 36202
(256) 237-9586

## Certificate of Service

      I hereby certify that on December 8, 2006, I electronically filed the forgoing with the Clerk of Court using the CM/EMF system which will send notification of such filing to the following:

Robert C. "Mike" Brock
F. Chadwick Morriss
Ben C. Wilson
Richard B. Garrett
Attorneys for Defendant
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270


                                                   __/S/_____
                                                   Thomas J. Knight
                                                   Attorney for Plaintiffs